IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLEX M. WASHINGTON,

    Petitioner,                      No. CIV S-05-2325 MCE DAD P

    vs.

JOHN MARSHALL, Warden,

    Respondent.                   ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has initiated this action by filing a document styled, "Notice of Motion and Motion For Issuance of Certificate Of Appealability[1]" (hereafter, "Mot."). Petitioner has paid the $5.00 filing fee.

        At the heart of this action lies petitioner's contention that the classification committee at the institution where he is incarcerated improperly gave him a custody designation that included the attachment of an "R" suffix based upon a police report reflecting his arrest on a rape charge of which he was never convicted. Specifically, petitioner argues that the Sacramento County Superior Court's denial of a habeas petition he filed in that court challenging his classification due to the consideration of the disputed facts set forth in the police reports was

---

[1] The motion was filed on November 17, 2005 with a document styled, "Notice of Appeal," and is docketed as court document number 1.

1

based on "an untenable interpretation of statutory text" and that the state court was "wrong on both the facts and the law." (Id. at 5.) Petitioner indicates that his petition for review filed with the California Supreme Court was eventually denied on October 12, 2005. (Id. at 9.) Petitioner argues in his pending petition that the federal court has authority under 28 U.S.C. § 2254 to correct a state court's application of state law when the state's ruling is arbitrary and violates notions of fundamental fairness. (Mot. at 4-5[2].)

To his petition, petitioner attaches a copy of the California Superior Court's May 31, 2005 order denying him habeas relief. That order provides as follows:

> Petitioner initially filed a petition for writ of mandate and/or prohibition, to challenge the affixing of an "R"-suffix to his custody designation based on a 1981 arrest for rape. He claims that his rights under Crawford v. Washington (2004) 431 U.S. 36 were violated by this action.
>
> The court has construed the petition as a petition for writ of habeas corpus. As so construed,
>
> IT IS ORDERED that the petition for writ of habeas corpus is DENIED.
>
> Crawford v. Washington (2004) 431 U.S. 36 is a rule based on the Sixth Amendment trial right of confrontation, and applies only in a criminal prosecution (People v. Johnson (2004) 121 Cal. App. 4th 1409 [declining to apply Crawford to probation revocation hearing, which is not a "criminal prosecution"]). A prison classification committee's action in affixing an "R"-suffix to a prisoner's custody designation is not a "criminal prosecution."

(Id. at 22.)

Petitioner argues that the state court misinterpreted the United States Supreme Court's holding in Crawford v. Washington and misapplied the state court cases cited in the

---

[2] This court has implemented the Case Management/Electronic Case Files (CM/ECF) docketing and file system which allows pleadings and documents to be electronically filed by the parties. For pleadings or documents that are submitted in paper format, the filing is scanned and stored electronically into the court's CM/ECF system. Each page of the electronic filing is numbered chronologically, whether or not, it was numbered by the party. If the filing is lengthy, the document is divided into parts. When the undersigned refers to a page number for a pleading or document filed with this court, the court is using the CM/ECF page number, which may not coincide with the page number used by the parties.

order. (Mot. at 5-6.) Petitioner also presents arguments regarding the merits of his state habeas petition filed with the Sacramento Superior Court. (Id. at 12-13.)

The court construes petitioner's motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition suffers from several defects. First, alleged errors in the interpretation and application of state law do not provide a basis for federal habeas corpus relief. See Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law.") Second, under most circumstances habeas relief is not available to a prisoner challenging a prison classification determination.

Nonetheless, the court will dismiss the petition and grant petitioner leave to file an amended petition should it be petitioner's intention to challenge the R suffix classification as affecting the length of his confinement. See Williams v. Mendoza-Powers, No. CVF05761RECLJOHC, 2005 WL 223211 (E.D. Cal. Sept. 14, 2005) (holding that petitioner could proceed with a habeas action where it is alleged that an erroneous classification bars him from participation in programs that would provide accelerated time credits thereby impacting the duration of his sentence).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's November 17, 2005 Notice of Motion and Motion For Issuance of Certificate Of Appealability, construed as a petition for a writ of habeas corpus, is dismissed;

2. Petitioner is granted thirty days from the date of service of this order to file an amended petition using the form petition provided by the court; the amended petition must comply with the requirements of the Federal Rules of Civil Procedure; the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition;" petitioner

1 must answer each question in the form petition; and petitioner's failure to file an amended
2 petition in accordance with this order will result in the dismissal of this action; and
3     3. The Clerk of the Court is directed to provide petitioner with the court's form
4 petition for a writ of habeas corpus.
5 DATED: November 2, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wash2325.9

4